UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON MCDUFFIE,

        Plaintiff,

        v.                                      Case No. 25-cv-1205-bbc

JEREMY BECK,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Brandon McDuffie, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McDuffie's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

McDuffie has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McDuffie has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $44.03. McDuffie's motion for leave to proceed without prepayment of the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to the complaint, on February 13, 2025, McDuffie injured a finger on his left hand. Dkt. No. 1, ¶5. Dr. Reono Bertagnolli (not a defendant) ordered an x-ray and diagnosed McDuffie with a fractured finger; and Nurse Tonya Wesner (not a defendant) placed an order for

a "soft splint" to protect the fractured finger. *Id*., ¶¶6-8. McDuffie made multiple attempts to retrieve the prescribed soft splint but Defendant Security Director Jeremy Beck either denied the requests or did not respond. *Id*., ¶¶3 & 9. McDuffie explains that inmates are entitled to have medically necessary soft splints; and Security Director Beck had no legitimate penological justification for denying it. *Id*. McDuffie experienced extreme pain and could not sleep at night due to accidently rolling over on his unprotected fractured finger. *Id*., ¶10. Additionally, McDuffie's hand failed to heal properly and he can no longer make a fist with his left hand. *Id*., ¶11. He states that only three of his fingers can fully close into a fist. *Id*. This has made it difficult for him to grip objects in his daily living. *Id*. For relief, he seeks monetary damages. Dkt. No. 1 at 5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference towards an inmate's serious medical need. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, McDuffie must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he or she "actually knew of and

3

disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

McDuffie alleges that he had a diagnosed finger fracture, which is an objectively serious medical condition. *See Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015) (noting that even an *undiagnosed* fracture would be an objectively serious medical condition). McDuffie alleges that medical staff prescribed him a soft splint to protect his finger, but Security Director Beck did not allow him to have it. McDuffie alleges that Security Director Beck had no legitimate penological justification for denying a medically necessary soft splint. The denial of the soft splint caused extreme pain and additionally did not allow the injury to heal properly. McDuffie claims that his hand is now permanently disfigured. Based on these allegations, the Court can reasonably infer that Security Director Beck may have been deliberately indifferent towards McDuffie's medical needs. Accordingly, McDuffie may proceed on an Eighth Amendment deliberate indifference claim against Security Director Beck in connection with allegations that he denied McDuffie a medically necessary soft splint to protect his fractured finger at the Waupun Correctional Institution in February 2025.

## Conclusion

The Court finds that McDuffie may proceed on an Eighth Amendment deliberate indifference claim against Security Director Beck in connection with allegations that he denied McDuffie a medically necessary soft splint to protect his fractured finger at the Waupun Correctional Institution in February 2025.

**IT IS THEREFORE ORDERED** that McDuffie's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Security Director Beck.

IT IS FURTHER ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Security Director Beck shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

IT IS FURTHER ORDERED that the agency having custody of McDuffie shall collect from his institution trust account the **$305.97** balance of the filing fee by collecting monthly payments from McDuffie's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McDuffie is transferred to another institution, the transferring institution shall forward a copy of this Order along with McDuffie's remaining balance to the receiving institution.

IT IS FURTHER ORDERED that a copy of this order be sent to the officer in charge of the agency where McDuffie is confined.

IT IS FURTHER ORDERED that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

IT IS FURTHER ORDERED that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

McDuffie is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 29, 2025.

>s/ *Byron B. Conway*
>BYRON B. CONWAY
>United States District Judge